*528 Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 12, 2013, denying the petition to vacate a post-hearing arbitration award finding petitioner guilty of disciplinary charges and terminating his employment, unanimously modified, on the law, to grant the petition as to specifications Nos. 5 and 6, and to vacate the penalty of termination, and to remand the matter to respondent for consideration of the appropriate penalty as to specifications Nos. 7 and 9, and otherwise affirmed, without costs.
In specifications Nos. 5 and 6, respondent alleged that petitioner, then a principal at ES. 166 in Manhattan, improperly directed his math and literacy coaches to conduct formal observations of unspecified teachers in the classroom during the period from January 14, 2008 through the end of the 2007-2008 school year and to write observation reports on his behalf. We find that these charges were not specific enough to satisfy the principle of due process that actual notice be given so as to allow the preparation of an adequate defense (see Wolfe v Kelly, 79 AD3d 406, 410 [1st Dept 2010], appeal dismissed 17 NY3d 844 [2011]). Moreover, at the hearing, neither coach could recall the dates of any observations, or the names of any of the teachers they observed; the math coach testified to conducting between 3 and 10 observations, and the literacy coach testified that she was “[p]ossibly” asked to conduct “one or two.” Nor did respondent identify or present any of the coaches’ reports for the observations conducted during the six-month period.
We find that the hearing officer’s determination that petitioner was guilty of specifications Nos. 7 and 9 pertaining to specific acts of misconduct on June 17 and June 18, 2008 is supported by adequate evidence (see Lackow v Department of Educ. [or “Board”] of City of N.Y., 51 AD3d 563, 567-568 [1st Dept 2008]). Irrespective of anything in the math coach’s file that may have undermined her credibility or established a specific bias against petitioner, as to specification No. 7, the hearing officer found that the math coach’s testimony that petitioner directed her to stay late on June 17, 2008 to fabricate formal observation reports of teachers and school-wide professional development plans was credible and that her account was corroborated by the credible testimony of other teachers who refuted the accuracy and/or authenticity of specific observation reports identified by the math coach as falsely created on that *529 night. The hearing officer also found petitioner’s witness to be generally incredible. These determinations are entitled to deference.
Petitioner argues that he was denied the opportunity to confront his accusers as to the charge in specification No. 9 that on June 18, 2008 he submitted to the superintendent the false reports and plans prepared the previous night. This argument misstates the record. The finding was based in large part on the undisputed fact that the superintendent had demanded the material during her visit to petitioner’s school on June 17, 2008 and it was not ready at that time, and petitioner’s own email to the superintendent on June 18 informing her that the documents were being hand-delivered that morning. The hearing officer rationally concluded that the false documents found to have been prepared the night before constituted the material petitioner himself admitted sending to the superintendent.
Since the penalty of termination was based on the finding of guilt on all four charges, the matter must be remanded for reconsideration of the penalty.
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.